UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JANET E. LONNEKER,<br><br>                      Debtor.<br><br>RICHARD LAMBERTUS, an individual,<br><br>        Plaintiff and Appellant,<br><br>   v.<br><br>JANET E. LONNEKER,<br><br>        Defendant and Appellee. | Civil No.: 17cv1079-JAH (KSC)<br>Bankruptcy No. 15-08140-LA7<br>Adversary No. 16-90054-LA<br><br>**ORDER DISMISSING APPEAL** |

## I.    INTRODUCTION

Richard Lambertus ("Lambertus" or "Appellant"), proceeding *pro se*, appeals the Bankruptcy court's order granting Janet E. Lonneker's ("Lonneker" or "Appellee") motion for sanctions. Lonneker moved for sanctions against Appellant pursuant to Federal Rule of Civil Procedure ("*Fed. R. Civ. P.*") Rule 11 after the Bankruptcy court dismissed Appellant's second amended complaint ("SAC"). The bankruptcy court held a hearing on the motion and issued a tentative ruling with further instructions to the movant. After the filing of this appeal, the bankruptcy court confirmed a modified ruling awarding sanctions against Appellant. " 'Although the issue of whether this Court has jurisdiction over the appeal was not raised, the Court must address the question *sua sponte*'". *In re Thompson*,

1

633 F. App'x 479, 480 (9th Cir. 2016) (citing *Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir.1990). The Court **DISMISSES** Lambertus' appeal for lack of appellate jurisdiction.

## II. BACKGROUND

Lambertus commenced adversarial proceedings in the chapter 7 bankruptcies of two of the managing members of Liberty Metals Group, LLC, John M. Lonneker ("John") and Janet E. Lonneker ("Debtor" or "Appellee"). Lambertus filed a complaint for denial of discharge under 11 USC § 727 in both actions; first in *Lambertus v. John Mark Lonneker, Jr.*, Adversary Proceeding No. 15-90111-LA7 ("the John Action"), then in *Lambertus v. Janet Lonneker*, Adversary Proceeding No. 16-90054 ("the Janet Action") . *Doc. No. 5-1* at 11.

In the Janet action, Lonneker moved for judgment on the pleadings, which the bankruptcy court granted with limited leave to amend. *Id*. at 47. On January 10, 2017, Lambertus filed a second amended complaint ("SAC") in the Janet Action that was nearly identical to the proposed amended complaint he sought leave to file in the John Action *Id.* at 10, 45. The bankruptcy court issued a tentative ruling denying Lambertus' motion for leave to file the amended compliant in the John Action. The tentative ruling was confirmed as the order of the court on February 23, 2017. Approximately one week later, and in light of the court's order in the John Action, Appellee filed a motion to dismiss the SAC in the Janet Action and notified Lambertus that a motion for sanctions would be filed with the court unless the SAC was voluntarily dismissed. *Id*. at 11, 18. Appellee served a copy of the motion for sanctions upon Lambertus pursuant to *Fed. R. Civ. P*. Rule 11(c)(2). *Id*. at 13.

Lambertus declined to dismiss the SAC in the Janet action and the Court granted Appellee's motion to dismiss with prejudice on March 30, 2017. Lambertus timely appealed. *See In re Lonneker*, No. 17CV732-JAH (KSC), 2019 WL 1434708 (S.D. Cal. Mar. 29, 2019). On or about April 6, 2017, Appellee filed the motion for sanctions with the bankruptcy court. *Id*. at 10- 15. While the order granting Lonneker's motion to dismiss the SAC in the Janet Action was on appeal, the bankruptcy court issued a tentative ruling

2

granting the motion for sanctions. On May 12, 2017, a day after the hearing on the motion was held, Lonneker filed a Notice of Lodgment of order on the motion for sanctions for signature by the judge pursuant to Rule 7054-3(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of California. *Id.* at 46. The notice informed Lambertus he had seven (7) days within which to file and serve any objections to the lodged order, and/or file and serve an alternate order upon Lonneker. *Id.* No objections were filed.

The bankruptcy court's tentative ruling on the motion for sanctions indicated a forthcoming order issuing sanctions against Lambertus in the amount "of $3,210.00 for Lonneker's attorney's fees and costs incurred to dismiss the SAC, plus her attorney's fees and costs incurred to prosecute this Motion for Sanctions". *Doc. No.* 5-1 at 57. The tentative ruling further instructed that the latter award was to be established by declaration to be filed within one week of the hearing. The court issued a minute order instructing counsel to "file a declaration and order with blanks in it for additional fees and cost for his services for the Court to fill in and serve on [ ] Lambertus." *Id.* at 63.

On May 24, 2017, Appellant filed a notice of appeal with this Court, listing the date on which judgment, order, or decree was entered as May 12, 2017. *Doc. No.* 1-2 at 1. The bankruptcy court confirmed its tentative ruling, *as modified,* on May 26, 2017. *Id* at 2, 52-57.[1] The final modified order was not made part of the appellate record.

### III. DISCUSSION

This Court has jurisdiction to hear appeals from a final order of the bankruptcy court pursuant to 28 U.S.C. § 158(a); *See In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008) ("[A] bankruptcy court order is final and thus appealable where it (1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed.")

---

[1] Appellant's designation of record lists the Court Modified Order Regarding Defendant's Motion for Sanctions Under Federal Rule 11 as bankruptcy docket number 100, signed and modified on May 26. 2017. Despite the designation, the modified order is not included in the record on appeal.

3

1      [A]n order awarding sanctions … is not final until judgment is entered, an appeal

2      generally must be dismissed as premature when it is taken after an order awarding

    sanctions … but before the determination of damages and entry of judgment.

3  *In re Thompson*, 633 F. App'x 479, 480 (9th Cir. 2016) (citations omitted).

4      As in *In re Thompson,* Lambertus never appealed from the final order of the

5  bankruptcy court. Lambertus filed the notice of appeal two days prior to the entry of the

6  Court Modified Order and only included in the appellate record the bankruptcy court's

7  tentative ruling.  633 F. App'x at 480.  Although an appellate court may treat a premature

8  appeal as filed on the date of and after the entry of judgment pursuant to Federal Rule of

9  Appellate Procedure 4(a)(2),  it may do so only "when all that remain[s] [i]s the clerk's

10  ministerial task of entering a Rule 58 judgment." *Id.* at 481 (quoting *Kennedy v. Applause,*

11  *Inc.*, 90 F.3d 1477, 1483 (9th Cir.1996)(internal quotations omitted). Here the bankruptcy

12  court's tentative ruling granting sanctions expressly called for Lonneker to file and serve

13  additional evidence in the form of a declaration detailing the fees and costs associated with

14  bringing the sanction motion, thus reserving a determination of the total award of sanctions

15  to be imposed. "The remaining tasks were unlike the 'ministerial task' of entering

16  judgment, *Kennedy*, 90 F.3d at 1483, so Rule 4(a)(2) does not permit [the Court] to

17  treat [Lambertus'] appeal as timely." *Id*.

18      Accordingly, and for the reasons set forth, the Court finds the appeal premature and

19  DISMISSES the appeal for lack of jurisdiction.

20

21  DATED:  November 14, 2019.

22  _____

    HON. JOHN A. HOUSTON

23      UNITED STATES DISTRICT JUDGE

24

25

26

27

28

4